

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:09-CR-170(2) |
| | § | |
| ELIO ACEVEDO | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On April 14, 2010, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Elio Acevedo, on **Count Three** of the charging **Indictment** filed in this cause. Count Three of the Indictment charges that on or about September 18th, 2008, in Jefferson County, Texas, in the Eastern District of Texas, Elio Acevedo

1

and Ronzell Lajohn Gonzales, defendants herein, knowingly possessed a stolen firearm, that is, one (1) Beretta .32 caliber pistol, model number 3032, serial number DAA448938, and one (1) Kel-Tec .32 caliber pistol, model number P32, serial number CL950, which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18, United States Code, Section 922(j).

Defendant, Elio Acevedo, entered a plea of guilty to Count Three of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an

independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 18 U.S.C. § 922(j).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government presented the following evidence. *See Factual Basis and Stipulation.* In support, the Government would prove that Defendant, Elio Acevedo is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. Specifically, the Government would prove the following stipulated facts through the following evidence:

On or about September 14, 2008, Emrick Christopher Knight (Knight), Elio Acevedo (Acevedo), and Ronzell Lajohn Gonzales (Gonzales) participated in the burglary of the business premises of Michael Smith, namely, Mike Smith Enterprises, which is a pawn shop located 4505 Gulfway Drive in Port Arthur, Texas. Michael Smith is a person licensed to engage in the business of dealing firearms under Federal Firearms License Number 5-76-245-02-9L-01450.

During the burglary, Knight, Acevedo, and Gonzalez knowingly took firearms from the business inventory of Mike Smith, namely, one (1) Taurus .38 caliber revolver, model 850, serial number BP25655, one (1) Beretta .32 caliber pistol, model number 3032, serial number DAA448938, and one (1) Kel-Tec .32 caliber pistol, model number P32, serial number CL950.

On September 18, 2008, Acevedo was arrested while in the process of burglarizing 3621 Avalon in Port Arthur, Texas and was found in possession of one (1) Kel-Tec .32 caliber pistol, model number P32, serial number CL950, which was stolen from the business premises of Mike Smith. At the time the firearm was possessed, Acevedo knew that the firearm was stolen. Acevedo was also found in possession of one (1) Taurus .38 caliber revolver, model 38 special, serial number FK78825 and one (1) Titan II Semi-Automatic .380 caliber handgun, serial number E8090. All three firearms were unlawfully possessed by Acevedo.

On October 22, 2008, Acevedo met with investigators and admitted that he helped plan the September 14, 2008 burglary of the Mike Smith Pawnshop.

ATF Agent Larry Sanders would testify that the Kel-Tec .32 caliber pistol, model number P32, serial number CL950 firearm was examined and it was found to be a functional firearm as defined under 18 U.S.C. § 921(a)(3) and if the firearm was received or possessed in the State of Texas, it would have traveled in and affected interstate commerce.

Defendant, Elio Acevedo, agreed with the above-stated facts. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential

elements of the offense charged in **Count Three** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Elio Acevedo, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 922(j).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 15th day of April, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE